**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 10-4296**

―――――――――

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

ROBERTO CARLOS ALVAREZ,

             Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00289-HEH-1)

―――――――――

Submitted: February 1, 2011       Decided: February 25, 2011

―――――――――

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

John G. LaFratta, MAIN STREET LAW OFFICE, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roberto Carlos Alvarez was convicted, following a jury trial, of possession of a firearm by a convicted felon and possession with the intent to distribute cocaine base. The district court imposed a 360-month sentence on the drug charge and a 120-month concurrent sentence on the firearm charge. Alvarez appeals the denial of his motion to suppress evidence and the district court's denial of his motion for a downward departure or variance from the 360-month to life advisory guideline range. Finding no reversible error, we affirm.

During the hearing on Alvarez's motion to suppress evidence, Officer Woodson testified that, while working a traffic checkpoint, he observed a vehicle approach the checkpoint and then turn into a private driveway just prior to the checkpoint. The vehicle pulled halfway down the long driveway and stopped with the vehicle partially concealed behind a bush. Woodson observed the vehicle for about sixty to ninety seconds and no one got out of the car. Based on his training and experience, Woodson testified that he believed that the driver was operating an unregistered vehicle or driving without a valid license and was attempting to avoid the checkpoint. He then drove his marked police vehicle to investigate.

Woodson parked his police vehicle at the entrance to the driveway, blocking the other vehicle from exiting. As he

2

did so, Woodson noted a "no trespassing" sign at the entrance to the property. He also observed that there was no one in the driver's seat of the vehicle and a juvenile female was moving from the passenger seat to the driver's seat, while a man who was sitting in the back seat started to exit the rear passenger side door.

Woodson directed the man to sit back in the vehicle, determined that neither occupant had a license or any identification, that the vehicle's occupants did not live at the residence, and the man did not answer Woodson's requests for his name. Woodson patted the man down and discovered a significant amount of cash, but no weapon. Woodson walked around the vehicle and discovered a black "backpack-type" bag about twenty feet from the vehicle. The bag was dry, although it had been raining that morning, and inside the bag, Woodson found a quantity of cocaine, digital scales, baggies, and a loaded firearm. Woodson thereafter arrested the man and charged him with possession of the firearm and possession with intent to distribute cocaine base. The man was later identified as Alvarez.

Also at the suppression hearing, the juvenile testified that Alvarez became nervous when he saw the checkpoint, he then turned into the driveway, and directed that she change seats with him. He also threw the black bag out of

3

the window.  She testified that Alvarez had made a prior stop at a hotel and picked up the black bag.

The district court denied Alvarez's motion to suppress the evidence, finding that Officer Woodson had reasonable suspicion to investigate Alvarez's purpose for pulling into the driveway and that the black bag had been abandoned, and therefore Alvarez lacked standing to challenge the search of the bag.

This court reviews the district court's factual findings relevant to a motion to suppress for clear error, and its legal determinations de novo.  United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008).  The facts are reviewed in the light most favorable to the prevailing party below.  United States v. Jamison, 509 F.3d 623, 628 (4th Cir. 2007).  A vehicle stop constitutes a seizure within the meaning of the Fourth Amendment and is permissible if the officer has probable cause to believe a traffic violation has occurred, Whren v. United States, 517 U.S. 806, 809-10 (1996), or has a reasonable suspicion of unlawful conduct, Terry v. Ohio, 392 U.S. 1, 20-22 (1968), regardless of the officer's subjective motivations. Whren, 517 U.S. at 810, 813-19.

Alvarez contends that the officer lacked probable cause to arrest him based only on the fact that he drove into a driveway near the checkpoint.  "[W]hen law enforcement officers

4

observe conduct suggesting that a driver is attempting to evade a police roadblock — such as unsafe or erratic driving or behavior indicating the driver is trying to hide from officers — police may take that behavior into account in determining whether there is reasonable suspicion to stop the vehicle and investigate the situation further." United States v. Smith, 396 F.3d 579, 585 (4th Cir. 2005) (citation omitted). Here, based on Alvarez's conduct of abruptly turning into the driveway prior to the checkpoint and pulling halfway down the driveway and parking behind a bush, we hold that the district court correctly determined that Officer Woodson had reasonable suspicion to stop the vehicle and investigate further.

His observations of the "no trespassing" sign and the vehicle's occupants changing places in the vehicle provided additional support for Officer Woodson's investigation of Alvarez and the juvenile. Under the totality of the circumstances, the officer's conduct of blocking the driveway was not an unlawful seizure. See United States v. Arvizu, 534 U.S. 266, 273-75 (2002) (applying "totality of the circumstances" test).

The district court also properly denied the motion to suppress the drugs and the gun that were found in the black bag. As the district court noted, Alvarez did not claim ownership of the bag, which was found twenty feet from the vehicle. The

5

juvenile who was a passenger in the vehicle testified that Alvarez threw the bag out of the passenger window. This bag constituted abandoned property, and therefore Alvarez had no expectation of privacy in the contents. See Rawlings v. Kentucky, 448 U.S. 98, 104 (1980); United States v. Leshuk, 65 F.3d 1105, 1110-11 (4th Cir. 1995). Accordingly, we affirm the district court's denial of Alvarez's motion to suppress evidence.

Alvarez also challenges the district court's denial of his motion for a downward departure or a variance from the career offender guideline range of 360 months to life imprisonment. While he does not dispute that he had two prior convictions for drug trafficking offenses, he asserts that his classification as an adult — rather than a juvenile — for the first of his drug trafficking offenses could substantially overstate the seriousness of his criminal history relative to other individuals with similar criminal records.

The district court determined, however, that Alvarez's criminal history was not overstated. Rather, at the time of the first drug trafficking offense, Alvarez was 17 years old, had three prior felony convictions as a juvenile, and had been committed to the department of juvenile services. The district court noted that most state court judges would certify such a case for adult prosecution, rather than retaining it as a

6

juvenile case. The district court also denied the variance request based on the facts that Alvarez had three drug trafficking convictions, he was on supervised release at the time of this offense, he was in possession of a loaded firearm and a large sum of cash in addition to the drugs, and he refused to give the officer his name. We conclude that the district court's denial of the downward departure was not an abuse of discretion. Additionally, we have determined that Alvarez's sentence was properly calculated and is reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). The district court followed the necessary procedural steps in sentencing Alvarez, appropriately treated the sentencing guidelines as advisory, properly calculated and considered the applicable guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors. We conclude that the district court did not abuse its discretion in imposing the chosen sentence. See Gall, 552 U.S. at 41; United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (applying appellate presumption of reasonableness to within guidelines sentence).

Alvarez has filed a motion for leave to file a pro se supplemental brief. While we grant that motion, we find no merit to the claims therein. Accordingly, we affirm Alvarez's conviction and his 360-month sentence. We dispense with oral

7

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED